RECEIVED
U.S. DIST. COURT
BRUNSWICK DIV.
2006 OCT 17 P 4:00
CLERK *J. LaVictoire*
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| EUGENE THOMAS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: CV506-072 |
| TODD THOMAS, Warden; Senior Sgt. BOATRIGHT; Unit Manager NELSON, and Counselor S. GRAHAM, | : |
| Defendants. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that on August 31, 2006, his watch was stolen from his cell while he was being seen by medical personnel. Plaintiff also alleges that certain of his legal mail has been opened outside of his presence. Plaintiff finally contends that he has been denied access to requested legal materials, including copies of cases and Standard Operating Procedures of the prison.

Plaintiff has named Warden Thomas, Senior Sergeant Boatright, Unit Manager Nelson, and Counselor Graham as Defendants in this action. However, Plaintiff has not alleged that any named Defendant took his property, opened his legal mail, or denied him access to legal materials. Without making any factual allegations with regard to these claims against these Defendants, it appears that Plaintiff seeks to hold these Defendants liable for these incidents based solely on their supervisory roles. In section 1983 actions,

2

liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Boatright and Nelson be **DISMISSED**. Additionally, Plaintiff claims that Thomas and Graham took his property, opened his legal mail, and denied him access to legal materials should be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 17th day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)