FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 FEB -7  PM 12: 00

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

EUGENE THOMAS,

        Plaintiff,

v.

TODD THOMAS, Warden; Senior Sgt.
BOATRIGHT; Unit Manager NELSON,
and Counselor STEPHANIE GRAHAM,

        Defendants.

CIVIL ACTION NO.: CV506-072

# ORDER

Plaintiff, an inmate currently confined at Coffee Correctional Facility in Nicholls, Georgia, filed a complaint in this Court pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Pursuant to 28 U.S.C. §1915A, Plaintiff's Complaint was screened for cognizable claims. By Order dated October 17, 2006, the Magistrate Judge found cognizable an Eighth Amendment claim against Defendant Thomas and a First Amendment claim against Defendant Graham. The Magistrate Judge also issued a Report and Recommendation, in which he recommended that Plaintiff's claims against Defendant Boatright and Nelson be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has filed no objections to the Magistrate Judge's Report and Recommendation, but has instead filed three motions to amend his Complaint, apparently seeking to prevent the dismissal of Defendants Boatright and Nelson from this action.

At the outset, it is noted that Plaintiff has sent several letters directly to the Court. Plaintiff is reminded that any paper received by a district judge or magistrate judge which

AO 72A
(Rev. 8/82)

has not been filed with the Clerk will be disregarded and not filed on the docket of this action. Plaintiff's direct correspondence with judges is an inappropriate means of communication regarding this action.

Plaintiff's first motion ("Proposed Out of Time Motion to File an Amended Complaint," Doc. No. 21) fails to allege any additional facts that would amount to a viable claim against either Defendant Boatright or Nelson. Plaintiff alleges that he "has learned that Senior-Sgt. Boatright and Unit Manager Nelson are accomplices to the defendants Thomas and Graham." (Doc. No. 21, p. 1). Plaintiff contends that as supervisors, Boatright and Nelson had a duty to prevent the alleged constitutional violations committed by their subordinates. (Id.). As the Magistrate Judge correctly reported, however, in section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). Furthermore, while a conspiracy to violate constitutional rights is actionable under section 1983, Dennis v. Sparks, 449 U.S. 24, 29, 101 S. Ct. 183, 187, 66 L. Ed. 2d 185, 190 (1980), conclusory, vague, and general allegations of conspiracy are insufficient, Fullman v. Graddick, 739 F.2d 553, 556-557 (11th Cir. 1984). Plaintiff has offered nothing more than the bare assertion that Defendants "are accomplices." Accordingly, Plaintiff's "Proposed Out of Time Motion to File an Amended Complaint" (Doc. No. 21) fails to cure the deficiencies of his original pleading and is therefore **DENIED**.

In his second motion ("Proposed Motion for Leave to File an Amended Complaint," Doc. No. 23), Plaintiff appears to allege that Defendant Boatright, at the direction of Defendant Thomas, filed a disciplinary report against him in retaliation for his having filed an Informal Grievance. It is well established that a prisoner's constitutional rights are

2

violated if adverse action is taken against him in retaliation for the exercise of his constitutionally protected rights. Farrow v. West, 320 F.3rd 1235, 1248 (11th Cir. 2003). This allegation, when read in a light most favorable to the Plaintiff, arguably states a colorable claim for relief under 42 U.S.C. § 1983 against Defendant Boatright. Accordingly, Plaintiff's "Proposed Motion for Leave to File an Amended Complaint" (Doc. No. 23) is hereby **GRANTED**.

Finally, in his third motion ("Plaintiff's Motion to Supplement Original Complaint," Doc. No. 26), Plaintiff alleges that he was ordered transferred by Assistant Warden Peggy Ann Cooper to a different cell in retaliation for his having filed a lawsuit against her. (Doc. No. 26, p. 2). Plaintiff also contends that he has been delayed in receiving legal materials from the prison librarian. (Id.). Plaintiff further asserts that the conditions of his cell have at times been unsanitary in violation of the Eighth Amendment. (Id.). The contentions Plaintiff sets forth in this proposed amended complaint are not related to those contentions set forth in his original Complaint. The Court will not allow Plaintiff to bring these unrelated claims in this cause of action. FED. R. CIV. P. 20(a). Should Plaintiff wish to pursue the contentions set forth in this motion, he may do so by filing a separate cause of action. Accordingly, Plaintiff's "Motion to Supplement Original Complaint" (Doc. No. 26) is hereby **DENIED**.

The Report and Recommendation of the Magistrate Judge is adopted in part as the opinion of this Court. Plaintiff's claims against Defendant Nelson are hereby **DISMISSED**. However, Plaintiff may proceed against Defendant Boatright with the claim set forth in his "Motion to Supplement Original Complaint." A copy of Plaintiff's Complaint, his Amended

Complaint (Doc. No. 23), and a copy of this Order shall be served upon Defendant Boatright by the United States Marshal without prepayment of cost. If the Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

## INSTRUCTIONS TO DEFENDANT

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to Defendant by first-class mail and request that the Defendant waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). Defendant shall ensure that the Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this court's local rules.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, Defendant

4

shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's attorney, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or Defendant's counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number . . .." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq*. Plaintiff does not need the permission

of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter

of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fifteen (15) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendant's motion.

Your response to a motion for summary judgment must be filed within twenty (20) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be

carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendant's statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

SO ORDERED, this 7th day of February, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)