IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

EUGENE THOMAS,

      Plaintiff,

v.

TODD THOMAS, Warden; Senior Sgt.
BOATRIGHT, and Counselor
STEPHANIA GRAHAM,

      Defendants.

CIVIL ACTION NO.: CV506-072

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eugene Thomas ("Plaintiff"), an inmate currently incarcerated at Hays

State Prison in Trion, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983

contesting the conditions of his confinement at Coffee Correctional Facility in Nicholls,

Georgia. Defendants Warden Todd Thomas and Stephania Graham ("Movants") filed a

Motion for Summary Judgment, and Plaintiff filed a Response. For the reasons which

follow, Movants' Motion should be **GRANTED**, in part, and **DENIED**, in part.

## STATEMENT OF THE CASE

Plaintiff contends Warden Thomas arranged for an officer to assault Plaintiff and

for officers to file false disciplinary reports against him in retaliation for Plaintiff having

used the prison grievance system. Plaintiff also contends Defendant Graham would not

allow Plaintiff to file a grievance regarding Warden Thomas' alleged retaliation.

Movants assert Warden Thomas did not have a staff member assault Plaintiff,

nor is there any evidence that force was used against Plaintiff at all. Movants also

assert Warden Thomas did not order false disciplinary charges to be filed against Plaintiff. Movants allege Plaintiff was informed that he could not file any more than one grievance every seven days because he was a frequent filer, and Plaintiff did not indicate to Defendant Graham that this grievance was an emergency grievance.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the

nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

### I.  Excessive Force

Movants aver Plaintiff does not seek monetary damages for an alleged violation of his right to be free from cruel and unusual punishment. Movants assert Plaintiff does not indicate how he would know Warden Thomas ordered that he be assaulted and that it "defies credibility to suggest that, if such a thing occurred, the [officer] would announce it to" Plaintiff. (Doc. No. 44, p. 6.) Movants also assert Plaintiff does not allege Officer Thomas told him Warden Thomas ordered him to assault Plaintiff, only that he was told to "shake him down and write him up." (Id.) Movants contend the search of Plaintiff's cell was routine and required because Plaintiff was housed in a segregation area. Plaintiff asserts he appealed Warden Thomas' denial of one of his grievances, and the next day, Officer Thomas assaulted Plaintiff at Warden Thomas' direction.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has

two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, and the extent of injury that the inmate suffered. Id. at 321, 106 S. Ct. at 1085.

Movants submitted the affidavit of Officer Ronnie Thomas, and he denies assaulting Plaintiff. Officer Thomas does not recall Defendant Warden Thomas ordering him to search Plaintiff's cell, and he stated that searching cells in segregation was a routine practice. Defendant Warden Thomas asserts he did not physically search Plaintiff's cell on the date in question, but the finding of contraband in Plaintiff's cell (the possession of which Plaintiff was later charged) was reported to him. (Movs.' Ex. D, ¶¶ 3-4.) Movants also submitted the affidavit of Deborah Moore, the health services administrator at Coffee Correctional Facility. According to Moore, Plaintiff's medical file does not contain any reports of a use of force incident or any staff notes detailing injuries Plaintiff may have sustained which would have been consistent with a use of force. (Movs.' Ex. E, ¶ 4.)

Plaintiff's affidavit reveals his contention that, after Officer Thomas informed him that Defendant Warden Thomas told him to search Plaintiff's cell, Officer Thomas asked Plaintiff to identify something he found during this search. According to Plaintiff, he stood up to see what Officer Thomas was referring to, and at that time, Officer Thomas "threw out both his hands and arms in a wild reflexive manner, slapping/brushing my face, and then he choked my neck briefly." (Pl.'s Aff., ¶ 5.)

Plaintiff's evidence may present a genuine issue of material fact as to whether Officer Thomas subjected him to an excessive use of force; however, this is irrelevant to the cause of action *sub judice*. Plaintiff's Complaint, as amended, stated colorable claims for relief against Warden Thomas, not Officer Thomas. The evidence does not reveal any indication that, if Officer Thomas in fact assaulted Plaintiff, the assault was at the behest of Defendant Warden Thomas. At best, the evidence suggests there is a genuine issue of material fact as to whether Officer Thomas searched Plaintiff's cell at Defendant Warden Thomas' direction. Warden Thomas is entitled to summary judgment on Plaintiff's excessive use of force claim.

## II.    Retaliation

Movants assert Defendant Thomas had "legitimate[,] independent bas[e]s" for any actions they may have taken regarding Plaintiff. (Doc. No. 44, p. 8.) Defendant Thomas contends he did not write, nor did he tell an officer to write, a false disciplinary report against Plaintiff. Defendant Thomas also contends he did not tell an officer to assault Plaintiff.

Plaintiff contends Defendant Thomas ordered officers to file false disciplinary reports against him as retaliatory measures, as is evidenced by two of the three

disciplinary reports not being investigated and the third report's investigation ending in a "not guilty" finding. Plaintiff also contends he appealed the denial of a grievance he filed against Defendant Thomas, and the next day, Officer Thomas assaulted him at Defendant Thomas' direction. Plaintiff avers after every occasion when he was critical of Defendant Thomas' behavior, Defendant Thomas or his subordinates confronted Plaintiff.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed a grievance concerning the conditions of his imprisonment." Id.

Once a defendant moves for summary judgment, "the plaintiff may not respond simply with general attacks upon the defendant's credibility, but rather must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." Crawford-El v. Britton, 523 U.S. 574, 600, 118 S. Ct. 1584, 1598, 140 L. Ed. 2d 759 (1998). The issue of intent is a question for the trier of fact. Direct evidence of an illegal motive will usually suffice to create a genuine issue of fact and preclude summary judgment. Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995) (citing Swint v. City of Wadley, Ala., 51 F.3d 988, 1000 (11th Cir.1995)).

Defendant Thomas asserts in his affidavit that he did not instruct an officer to write a false disciplinary report against Plaintiff at any time. (Movs.' Ex. B, ¶ 5.) Defendant Thomas also asserts that he did not wink at Plaintiff or say anything to

discourage him from pursuing any lawful activity after Plaintiff filed an appeal from the denial of a grievance. (Movs.' Ex. B, ¶ 6.) Defendant Thomas denies that Plaintiff was assaulted by an officer because Plaintiff filed a grievance. (Movs.' Ex. B, ¶ 7.)

Plaintiff submitted a copy of Grievance Number 0569-06-0262, and he asserts Defendant Thomas told him "he would take care of [Plaintiff]" two times and winked at him twice. (Pl.'s Ex. 200.) Plaintiff also submitted Grievance Number 0569-06-0315. In this grievance, Plaintiff asserts Defendant Thomas approached him during inspection and confronted him about an informal grievance Plaintiff filed about Defendant Thomas having winked at Plaintiff. Plaintiff also asserts Defendant Thomas made several comments to him about Plaintiff filing a grievance against him. (Pl.'s Ex. 100.) Plaintiff provided the Court with the affidavit[1] of Rene Morino Molina, who was Plaintiff's cell mate in segregation at the time of these alleged events. Molina states that Defendant Thomas approached their cell and confronted Plaintiff about a grievance Plaintiff filed against Defendant Thomas. According to Molina, Defendant Thomas told Plaintiff he never winked at him and threatened to send Plaintiff to another prison. (Molina Aff., ¶¶ 1, 3.) Plaintiff's affidavit reveals that Officer Thomas approached his cell and stated that he was going to search Plaintiff's cell because Defendant Thomas instructed him to do so. (Pl.'s Aff., ¶ 1.) Plaintiff contends Officer Thomas asked him what he did to Defendant Thomas to cause Defendant Thomas to order that his cell be searched, and Plaintiff replied that he filed a grievance. (Pl.'s Aff., ¶¶ 2-4.)

There are genuine issues of material fact as to whether Defendant Thomas took or directed his subordinates to take action against Plaintiff as retaliatory measures for

---

[1] The undersigned notes that Molina's affidavit is in Plaintiff's handwriting, but it contains the signature of "Rene Morino Molina".

AO 72A
(Rev. 8/82)

Plaintiff having filed grievances against Defendant Thomas. Defendant Thomas is not entitled to summary judgment on Plaintiff's claims that he retaliated against Plaintiff by having officers file false disciplinary reports against him and having his cell searched.

## III. Failure to Exhaust

Movants allege Plaintiff's claims against Defendant Graham are foreclosed because Plaintiff did not file a grievance against her. Movants contend Plaintiff does not contend that he filed or even attempted to file a grievance against Defendant Graham.

Plaintiff asserts he could not file a grievance against Defendant Graham because she was the only counselor he had available to him while he was in administrative segregation. Plaintiff also asserts institutional policy does not permit a counselor against whom an inmate needs to file a grievance to accept that grievance.

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the

inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Movants submitted the affidavit of Defendant Graham, who was Plaintiff's counselor at Coffee Correctional Facility. (Movs.' Ex. C.) Graham explains the grievance procedure, which involves the filing of both informal and formal grievances. (Movs.' Ex. C, ¶¶ 4-5.) Graham states she does not recall Plaintiff informing her that Officer Thomas assaulted him or wrote a false disciplinary report against him; Graham also states she is certain, however, that she never denied Plaintiff the chance to file an informal or formal grievance regarding this incident. Graham asserts Plaintiff did not file a grievance against her in which he complained about Graham preventing him from filing a grievance on the above-described incident with Officer Thomas. (Movs.' Ex. C, ¶ 7.)

In contrast, Plaintiff offers nothing to support his assertion that he could not file a grievance with Defendant Graham concerning his allegations that she prevented him from filing a grievance. Though Plaintiff avers "institutional policy" (Doc. No. 59, p. 16) does not allow a counselor against whom a grievance is filed to accept the grievance, he does not present any evidence to support this averment. Plaintiff has not overcome his burden by presenting evidence to support his contentions. Accordingly, Plaintiff's claims against Defendant Graham should be dismissed, without prejudice.

## IV.    Physical Injury Requirement

Movants assert Plaintiff is not entitled to recover monetary damages for any physical or emotional injuries because he did not plead that he suffered such damages. Movants allege that Plaintiff suffered no damages because there is no evidence to support his contentions that he was assaulted and received any injuries as a result of an alleged assault. Movants also allege, if the Court were to deny their Motion for Summary Judgement, Plaintiff's recoverable damages should be limited to $275.00, as the only relief Plaintiff requests is reimbursement for his watch ($25.00) and court costs of $250.00.

Plaintiff asserts he has been hindered in showing a physical injury because the acts of retaliation he contends Defendant Thomas orchestrated were designed to be ignored. Plaintiff also asserts, if Movants' Motion is denied, his recoverable damages should be $675.00.

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000). "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532. A cause of action barred

AO 72A
(Rev. 8/82)

by this statute "is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice[.]" Id.

Plaintiff's remaining claims (i.e., his retaliation claims against Defendant Thomas) is not barred by section 1997e(e). Plaintiff's ability to recover damages under this statute is limited in that Plaintiff cannot recover damages for mental or emotional injuries without a prior showing of a physical injury. This statute does not bar Plaintiff's claims completely. The amount of damages Plaintiff may be entitled to recover is a determination reserved for the trier of fact, not the Court on a summary judgment motion. Defendant Thomas is not entitled to summary judgment on this basis.

It is unnecessary to address the remaining ground of Movants' Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendants Thomas and Graham (Doc. No. 43) be **GRANTED**, in part, and **DENIED**, in part. Plaintiff's claims against Defendant Graham and his excessive use of force claim against Defendant Thomas should be **dismissed**. Plaintiff's retaliation claims against Defendant Thomas should remain pending.

**SO REPORTED** and **RECOMMENDED**, this _25th_ day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE